Gants, J.
The plaintiff, Brendan J. Tobin (“Tobin”), a police officer employed by the defendant City of Lowell (“the City”), has moved for a preliminary injunction ordering the City to grant him leave without loss of pay for the period of his incapacity in accordance with G.L.c. 41, §11 IF. Argument on this motion was heard on May 24, 1999. Neither party requested an evidentiary hearing. For the reasons stated below, Tobin’s motion for a preliminary injunction is ALLOWED as follows:
1. The City is ORDERED either (1) to return Tobin to active duty as a Lowell police officer and assign him police duties that involve desk work, do not require him to carry a firearm, and do not involve unusual stress; or (2) to grant Tobin an additional six months of sick leave.
2. The City shall advise the Court in writing no later than June 11, 1999 which of these two alternatives it elects.
FINDINGS OF FACT
“By definition, a preliminary injunction must be granted or denied after an abbreviated presentation of the facts and the law.” Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616 (1980). The preliminary findings of fact below are based on the affidavits and attached exhibits furnished by the parties, as well as admissions and representations made by counsel in the pleadings and at oral argument.
Tobin has been a police officer with the Lowell Police Department (“the Police Department”) since November 1972, and a Sergeant since June 1985. In May 1986, he was diagnosed with diabetes mellitus. On March 1, 1987, in part because of his diabetes, he became the Commanding Officer of the Police Department’s Finance Department, also known as the Director of Budget and Finance. In or about 1991, he developed occasional cramping and swelling in his hands and, because of that problem, has not been qualified to use a service weapon since 1992.
On June 2, 1998, Tobin notified the Police Department that he would be on sick leave. Tobin provided the Department with a note from his personal physician, Dr. Vadim Schaldenko, that he suffered from “uncontrolled diabetes” and “may not return to work until further evaluation.” Two days later, on June 4, 1998, the Police Department temporarily re-assigned him to patrol duty at the Pawtucketville Precinct.[1] On June 11, July 2, and July 20, Dr. Schaldenko prepared additional Certificates of Professional Care, which Tobin furnished to the Police Department, declaring that Tobin continued to have uncontrolled insulin diabetes and was unable to return to work. In the Certificate dated July 20,1998, Dr. Schaldenko for the first time noted that “work related stress” was a reason *268 for Tobin’s inability to return to work and that the length of time before Tobin could return to work was “undetermined.” That same day — July 20, 1998 — the Police Department permanently re-assigned another officer to Tobin’s previous position as Officer-in-Charge of the Finance Section and, on September 13, 1998, permanently transferred Tobin to the Pawtucketville Precinct as Supervisor of Platoon 2, where he would have supervisory and patrol obligations.
On July 23, 1998, Tobin applied for leave without loss of pay for the period of his incapacity under G.L.c. 41, §11 IF. That application was denied on September 2, 1998. On September 16, 1998, he filed a grievance with his union, the International Brotherhood of Police Officers, seeking restoration of his sick leave. No action has yet been taken on this grievance. Tobin continues to remain on sick leave, but his sick and vacation leave will soon be used up, which motivated his filing of this lawsuit and his request for a preliminary injunction seeking leave with pay under G.L.c. 41, §11 IF.
CONCLUSIONS OF LAW
In determining whether to grant a preliminary injunction, this Court must perform the three-part balancing test articulated in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). First, the court must evaluate the moving party’s claim of injury and its likelihood of success on the merits. Id. at 617. Second, it must determine whether failing to issue a preliminary injunction would subject the moving party to irreparable injury — losses that cannot be repaired or adequately compensated upon final judgment. Id. at 617 & n. 11. Third, “[i]f the judge is convinced that failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the judge must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party.” Id. at 617. In balancing these factors, “[w]hat matters as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party’s chance of success on the merits. Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue.” Id. “In an appropriate case, the risk of harm to the public interest also may be considered.” GTE Products Corp. v. Stewart, 414 Mass. 721, 723 (1993) quoting Brookline v. Goldstein, 388 Mass. 443, 447 (1983).
Tobin seeks preliminary injunctive relief from this Court under G.L.c. 41, §11 IF, which provides in pertinent part:
Whenever a police officer ... of a city ... is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, ... he shall be granted leave without loss of pay for the period of such incapacity .... All amounts payable under this section shall be paid at the same times and in the same manner as, and for all purposes shall be deemed to be, the regular compensation of such police officer . . .
In evaluating, even preliminarily, Tobin’s claim that he is entitled to leave with pay under §11 IF, this Court must answer two questions:
1 Is Tobin presently “incapacitated for duty?”
2. If so, is he incapacitated “because of injury sustained in the performance of his duty without fault of his own?”
1. Is Tobin presently “incapacitated for duty?”
On March 19, 1999, at the request of the City, Dr. Coleman Levin, a Board Certified internal medicine physician, conducted an Independent Medical Examination (“IME”) of Tobin. Dr. Levin concluded that Tobin has a permanent partial disability but is capable of full-time work at this time with the following restrictions:
1. Tobin “should not be involved in work situations where a hypoglycemic episode with diminished mental acuity might place himself or the public in danger.”
2. Because of a minor functional impairment of his hands, especially his right hand, due to tremors and Depuytren’s contractures, Tobin is not qualified to carry a firearm.
3. Tobin “should not be in an environment of unusual stress.”
Dr. Schaldenko does not appear to differ materially with this opinion. In his affidavit dated May 20, 1999, Dr. Schaldenko concluded that “it is my medical opinion that Brendan Tobin may now be able to work if his stress level at work is reduced and his diabetes is better controlled.” Consequently, I conclude that Tobin is presently able to perform certain police duties, provided those duties involve desk work, do not require him to carry a firearm, and do not involve unusual stress.
In view of this finding, Tobin is not presently “incapacitated for duty” within the meaning of §111F. In Newton Branch of the Massachusetts Police Association v. Newton, the Supreme Judicial Court specifically confronted and rejected the argument that a police officer is “incapacitated for duty” unless he is capable of performing the “full duties” of a police officer. 396 Mass. 186, 191 (1985). Rather, the Court held that a police officer is not “incapacitated for duty” if he is medically capable of performing one of the duties within the job description of a police officer. Id. at 192 n. 9. The Court declared:
A police officer may be partially incapacitated and yet unable to perform any one of the various police duties he might be assigned. Under these circumstances, he would be entitled to paid accidental disability leave under G.L.c. 41, §11 IF. On the *269 other hand, an officer who is partially incapacitated and yet fully able to perform an assignment within the job description of a police officer is required to perform that assignment and is not entitled to leave under G.L.c. 41, §11 IF.
Id. In short, the statute requires a City to grant full pay to an officer who was injured on the job, but the officer is required to perform any police assignment he remains medically capable of performing; the injured officer is allowed full pay for staying home only if he cannot perform any police assignment. Id.
Since Tobin served for eleven years as the Commanding Officer of the Budget and Finance Section, this Court expects that there are police desk duties which do not involve extraordinary stress that Tobin is presently capable of performing. If the Police Department were to assign him such duties, he would be required to perform them or forfeit any right he may have to leave with pay under §11 IF. It is not clear, however, that the Police Department is prepared to assign him to any duty that he can perform. It has permanently assigned him to a position as a Patrol Supervisor that, even according to the IME, he medically cannot perform. It appears plain that Tobin medically cannot carry a gun, cannot supervise officers on patrol, and cannot himself go on patrol, and that asking him to perform these duties at this time would pose an unreasonable risk both to him and the public. At the hearing, the City took the position that it had no desk jobs available to which Tobin could be assigned. It also took the position that, if Tobin could not perform patrol duties as a police officer, he was medically incapable of being a police officer. To the extent that this latter position means that the City would grant leave with pay to officers injured on the job who were capable of performing some, albeit not all, police assignments, it conflicts with the dictates of §11 IF as interpreted by the Supreme Judicial Court in Newton. To the extent that this latter position means that the City, despite the conclusions of the IME, cannot presently legally assign Tobin to any police assignment because of his partial disability, this Court must consider whether Tobin would then be “incapacitated for duty” and entitled to full leave with pay under §11 IF. See Newton, supra at 192 (leave with pay under §11 IF permitted only if a police officer is incapacitated from performing all of the duties to which he may be legally assigned).
2. Is Tobin incapacitated “because of injury sustained in the performance of his duty without fault of his own?”
A police officer under §11 IF is entitled to receive leave with pay if he sustains a disabling injury in the performance of duty. Wormstead v. Town Manager of Saugus, 366 Mass. 659, 662-63 (1975). The injury need not be sustained in the performance of “a specific police activity unique to the nature of law enforcement.” Id. at 663. Consequently, Tobin does not fall outside the scope of §11 IF because he claims to have been injured from stress arising from his duties as the Director of Budget and Finance, a job that is hardly unique to law enforcement. Nor does he necessarily fall outside the scope of §11 IF because the injuries he claims are an exacerbation of his diabetes caused by work-related stress. The incapacitating injury need not be traumatic in origin or unrelated to a preexisting condition. Blair v. Board of Selectmen of Brookline, 24 Mass. App. 261, 264 (1987) (exacerbation of preexisting hypertension resulting from police work sufficient to support leave with pay under §111F). Rather, in determining whether Tobin sustained an incapacitating injury in the performance of his duties as Director of Budget and Finance for the Police Department, this Court must determine whether the stress from those duties so aggravated his pre-existing diabetes that the work-related stress constituted a major, albeit not necessarily predominant, cause of his disabiliiy. See G.L.c. 152, §1(7A); Blair, supraat264. Phrased differently, this Court must determine whether, but for the work-related stress, Tobin’s diabetes would have been disabling, and whether that stress was a substantial contributing factor in causing the disabling condition. See Robles v. Riverside Mgmt, Inc., 10 Mass. Workers’ Comp. Rep. 191, 195-97 (1996).
There is little evidence on the record to determine who will likely prevail on this point at trial. There is no dispute that Tobin’s diabetes is not job-related, but there is also no dispute that, until June 1998, that diabetes was not incapacitating. The issue is whether work-related stress was a substantial contributing factor in causing an aggravation of that diabetes that, for some period of time, was incapacitating. Dr. Levin in the IME concluded “that more probably than not the alleged increase in job stress since the Fall of 1997 and continued job concerns since going out of work in June 1998 have caused the employee to suffer anxiety that has exacerbated his diabetes resulting in the need for increasing doses of insulin.” The problem with this analysis is that it combines job stress (which is covered by § 111F) with the stress that Tobin suffered after being placed on sick leave (which is not compensable because such stress is not suffered in the performance of his duty as a police officer). Yet, this conclusion does reflect that Dr. Levin found that job-related stress did to some degree exacerbate Tobin’s diabetes. Dr. Schaldenko, Tobin’s personal physician, attests that Tobin suffered work-related stress that so exacerbated his diabetes that Dr. Schaldenko had to recommend that Tobin take leave from work in order to reduce the stress and attempt to regain control over his diabetes. There is substantial evidence that Tobin felt work-related stress prior to his taking leave on June 2, 1998. Staffing levels in the Finance Section fell in March 1998, so he had to perform the same level of work with less staff support. The City admits that the Police Department was about to be audited in early June 1998 and this, too, reasonably would have been a *270 source of stress. Considering all of this evidence, this Court finds that the plaintiff is likely to prevail in proving that, for some period of time, his work-related stress was a substantial contributing factor in causing an incapacitating aggravation of his diabetic condition.
It is even more difficult to determine the length of time that Tobin’s work-related stress should be deemed a substantial contributing factor in causing an incapacitating condition. At some point in time, the job stress no longer was a substantial source of aggravation of the diabetes, but the diabetes remained uncontrolled because of the stress resulting from Tobin’s anger at the way he thought he was being forced into premature retirement by the Police Department. The exacerbation of Tobin’s diabetes from this latter cause does not entitle him to leave with pay under §11 IF because this incapacitation does not arise from the performance of Tobin’s police duties. At some later point in time, Tobin’s condition improved to the point that, today, his own physician declares that he can return to work at a low stress desk job. Consequently, while Tobin is likely to prevail at trial in showing that he was entitled to leave with pay under §11 IF for some period of time because of incapacitation resulting from job-related stress, he is not likely to prove that he is entitled to leave with pay through the present.
In summation, if this case were tried today, this Court finds that it is reasonably likely that the fact finder would conclude that:
Tobin was entitled to § 111F benefits for some period of time after June 2, 1998, probably roughly six months:
Tobin was not incapacitated within the meaning of §11 IF from job-related stress after that time; and
Tobin is not presently incapacitated because he is capable of performing some police duties.
If this were indeed the outcome at trial, Tobin would be entitled to the restoration of the sick leave he took during the roughly six months for which he should have received full leave with pay under §11 IF.
3. The Appropriateness of Preliminaiy Injunctive Relief
In view of this likely outcome, this Court must determine whether irreparable injury would be suffered by Tobin if preliminary injunctive relief were not granted, balance that injury with any irreparable injury that would be suffered by the City from the allowance of such relief, and consider the public interest.
This Court concludes that Tobin would suffer irreparable injury in the absence of preliminary injunctive relief. Tobin’s sick and vacation leave will expire in roughly two months, which would leave him and his family without health insurance. While this would be a hardship to any family, it would pose an especially great hardship to Tobin’s family, because his wife has completed eleven months of chemotherapy for cancer, which fortunately is in remission, and she will not be able to afford anticipated future cancer treatment without health insurance. Pragmatically, without relief from this Court, Tobin would have little choice financially but voluntarily to seek either regular or disability retirement; the former would mean a lifetime reduction in his annual retirement earnings because he would be retiring prematurely and the latter (assuming he is eligible for it) would mean that he could not earn outside income, even though he is medically capable of doing so.
The City’s irreparable injury from the relief I would grant would be far less, since it would have the option of putting this 27-year police employee to work performing useful, albeit nonstressful, desk duties, and therefore would be receiving fair value for the wages it would pay. Even if no such duties were available, the limited duration of the additional sick leave I would grant through preliminary injunctive relief is not unreasonable in view of Tobin’s length of service, the stress that forced him to go out on leave, and the apparent unwillingness of the Police Department so far to take any steps that would allow Tobin to return to police desk duties.
I am satisfied that the preliminary injunctive relief I have fashioned is in accord with the public interest. The Legislature has chosen to grant police officers through §11 IF the unusual remedy of receiving full leave with pay for any incapacitating injury sustained in the performance of their duty. The limited relief granted here reflects the recognition that job-related stress can exacerbate a preexisting illness, as well as the recognition that such exacerbation may not be permanent and may subside when the job-related stress is eliminated by taking leave from those duties. It also recognizes that the public is entitled to fair value for the wages it pays to its police officers, and that leave with pay under §11 IF should not be awarded if the police officer can continue to perform some useful police duties.
In view of the plaintiffs reasonable likelihood of prevailing at trial and the presence of irreparable injury, having considered and balanced the equities and the public interest, this Court ALLOWS Tobin’s motion for preliminary injunction as follows:
1. The City is ORDERED either (1) to return Tobin to active duty as a Lowell police officer and assign him police duties that involve desk work, do not require him to carry a firearm, and do not involve unusual stress;[2] or (2) to grant Tobin an additional six months of sick leave.
2. The City shall advise the court in writing no later than June 11, 1999 which of these two alternative it elects.

 The City contends in its brief that the Police Department was about to be audited and that another officer was needed *271 to fill the position that Tobin could not perform because of his illness, but there is no affidavit attesting to these matters. The consequence of this transfer was that Tobin was no longer entitled to “specially pay.”

 Nothing in this decision should be construed as requiring the Police Department under §11 IF to return Tobin to the same position he had on June 2, 1998.